## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **PATRICK A. BRENNER** | ) | **Case No. 26-02721** |
| | ) | |
| Debtor. | ) | **Hon. Jacqueline P. Cox** |

## NOTICE OF FILING

To:     See Service List

YOU ARE HEREBY NOTIFIED that on this date, April 13, 2026, we have filed with the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, **DEBTOR'S RESPONSE IN OPPOSITION TO BYLINE BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**, a copy of which is attached hereto and herewith served upon you.

**PATRICK A BRENNER**, Debtor


By: /s/ David R. Herzog
        One of his attorneys

David R. Herzog
Law Office of David R Herzog, LLC
Attorneys for Debtor
53 W Jackson Blvd., Suite 1442
Chicago, Illinois 60604
(312)977-1600
drh@dherzoglaw.com
ARDC #1203681

## CERTIFICATE OF SERVICE

I, David R. Herzog, certify that I served a copy of this notice and the attached motions on each entity shown on the attached list at the address shown and by the method indicated on the service list on April 13, 2026, at 5:00 p.m.

/s/ David R. Herzog

## SERVICE LIST

### VIA ECF

Adam Brief
Office of the U. S. Trustee, Region 11
219 South Dearborn
Room 873
Chicago, IL 60604
Ustpregion11.es.ecf@usdoj.gov

Ira Bodenstein
Cozen O'Connor
123 N. Wacker Drive
Suite 1800
Chicago, IL 60606
ibodenstein@cozen.com

Busey Bank
c/o Kristin J Conwell
Heavner, Beyers & Mihlar LLC
601 East William Street
Decatur, IL 62523
KristinConwell@hsbattys.com

Byline Bank
c/o Martin J Wasserman
Carlson Dash LLC
216 S. Jefferson Street
Suite 303
Chicago, IL 60661
mwasserman@carlsondash.com

Kapitus Servicing, Inc.
c/o Susan Valentine
Valentine Austriaco & Bueschel, P.C.
300 E. Randolph Street
Suite 3400
Chicago, IL 60601
svalentine@vablawfirm.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **PATRICK A. BRENNER** | ) | **Case No. 26-02721** |
| | ) | |
| Debtor. | ) | **Hon. Jacqueline P. Cox** |

**DEBTOR'S RESPONSE IN OPPOSITION TO BYLINE BANK'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

NOW COMES Patrick A Brenner, Debtor and Debtor in Possession ("Debtor" or "Brenner")

by and through his attorney, David R Herzog and the Law Firm of David R Herzog, LLC and files

this Response in Opposition to the Motion of the Secured Creditor, Byline Bank ("Bank") for relief

from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code (11 U.S.C. §362(d). In

further support of his Response, the Debtor states as follows:

**I**

**UNDERLYING FACTS**

1.     Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code

on February 16, 2026.

2.     Among the assets of the Debtor is parcel of real estate located in Wisconsin and

commonly known and located at 1082 Czech Lane, Friendship, WI 553934 ('Property'). The

Property is currently subject matter of a foreclosure proceeding filed by the Bank.

3.     The Property is collateral for an SBA loan ("Loan") to an entity known as Harling, Inc.

("Harling"), which is a company owned and operated by the Debtor. The Debtor is a guarantor of

the SBA loan and the Debtor and his wife executed a mortgage in favor of the Bank as additional

collateral for the loan.  Harling is currently a debtor in a Chapter 11 case pending in the Northern District of Illinois and styled as case no. 25-04324.

4.    The Property was originally purchase by the Debtor and his wife as a summer home. However, the Debtor has filed an application with Adams County, Wisconsin for registration of the Property as an Airbnb and anticipates that the Property will be licensed in the very near future.  Once licensed, the Debtor estimates income from the Airbnb will generate, on average, around $2,000 per month based upon other homes registered as Airbnbs in the surrounding area.  The income generated by the Property will, in turn, be used, in part, to fund a Plan of Reorganization along with the disposal income of the Debtor.

5.    The Property is currently insured and the Bank is named as the Mortgagee/Lienholder. A copy of the of insurance is attached as Exhibit "A".

6.    The Debtor is current with all real estate taxes assessed against the Property.  A copy of the last several years of tax bills are attached as Exhibit "B".  Moreover, the tax bills reflect that the assessed valuation of the Property has increased or remained the same value over the years and has not diminished in value.

7.    The Bank in its Motion asserts that the balance on the Loan as of August 5, 2025, exclusive of legal fees was $758,149.11.  However, the Bank has not provided any information as to whether it has received any payments from the SBA which would reduce the principal amount due the Bank on the Loan.  In any event, the Bank, for the moment, appears to be under secured.

8.    Additionally, the Bank asserts that it believes the value of the Property is $313,000 but provides no appraisal which would support that belief.  As stated in the Declaration of the Debtor, attached hereto as Exhibit "C" the Bank has previously informed the Debtor and his wife that the

Property was worth around $245,000.

9.     Finally, the Debtor has offered and continues to offer to pay adequate protection payments of $1,000 per month to ensure that the Bank's collateral will be protected from any diminution in value during the pendency of this case.

**II**

**ARGUMENT**

10.     Section 362(d) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>
>> (A) the debtor does not have an equity in such property; and
>> (B) such property is not necessary to an effective reorganization.

11.     Here, the Bank does not assert that it lacks adequate protection.  The Property is fully insured.  All real estate taxes have been paid on the Property and the tax bills reflect that the Property has over time either increased or retained its value.  Significantly, the Debtor has offered and continues to offer to make adequate protection payments during the pendency of this Chapter 11 case of $1,000 a month to further ensure that the Bank's collateral does not diminish in value.

12.     In contradistinction, the only basis which the Bank asserts that it is entitled to stay relief is that the Property is not necessary to an effective reorganization.  Debtor respectfully disagrees.  Attached hereto as Exhibit "D" is a copy of the application filed by the Debtor with Adams

County, Wisconsin for a license to operate the home as an Airbnb. As set forth in the Debtor's affidavit, the Debtor believes, based upon similarly situated properties in the area which are licensed Airbnb's, that the Property will generate a minimum of around $2,000.00 per month in rental income. These monies will be used to fund the Debtor's Plan of Reorganization and pay the Bank, the full value of the Property which secures the loan.

13. Because the parties agree, that no equity exists in the Property, the sole issue before the Court is whether the Property is necessary for an effective reorganization. Our courts have recognized that "[t]here is a sliding scale as to the extent a debtor must prove the possibility of an effective reorganization in a lift stay proceeding depending on the stage of the case. *Timbers*, 484 U.S. at 376, 108 S.Ct. at 632–33; *In re Ashgrove Apartments of DeKalb County, Ltd.*, 121 B.R. 752, 756 (Bankr.S.D.Ohio 1990)." *In re Cadwell's Corners P'ship*, 174 B.R. 744, 759 (Bankr. N.D. Ill. 1994). Judge Katz, citing *Ashgrove*, noted that in a Chapter 11 case, "the debtor should be granted significant leeway in attempting to establish that a successful reorganization is a reasonable possibility." *Id*.

14. Here, the Debtor filed his Chapter 11, Sub V case on February 16, 2026 and the Plan of Reorganization is not due until May 17, 2026. The case is in its preliminary stages. In the interim, the Debtor has filed for licensing of the Property as an Airbnb which he anticipates will generate sufficient income to fund the Plan of Reorganization and distribute to the Bank the full value of its collateral. Debtor respectfully submits that at this stage of the Chapter 11 case it is premature for stay relief without affording the Debtor the ability to attempt a successful reorganization. This is particularly true in light of the fact that the Debtor has offered to make adequate protection payments to the Bank during the pendency of this case until a Plan of Reorganization is confirmed.

-4-

## CONCLUSION

For any and all of the reasons set forth herein, Debtor submits that the Bank is adequately protected and is willing to provide $1,000 per month adequate protection payments to the Bank to ensure that the Property does not diminish in value until a Plan of Reorganization is filed and confirmed. In addition, the Property is necessary for an effective reorganization as the rental income from the Property will fund the Debtor's Plan of Reorganization. As a result, the Debtor prays that the Bank's Motion for Relief from the Automatic Stay be denied and for such other and further relief that is just and appropriate.

Respectfully submitted,

Patrick A Brenner, Debtor

By:_____*David R Herzog*_____
        One of His Atttorneys

David R. Herzog
LAW OFFICE OF DAVID R. HERZOG, LLC
Attorneys for the Debtor
53 W. Jackson Blvd., Suite 1442
Chicago, IL 60604
(312) 977-1600
drh@dherzoglaw.com
ARDC No. 01203681

-5-